IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

INGRID JIANG,

                    *Plaintiff*,

        v.

ROUNDPOINT MORTGAGE SERVICING
LLC, *et al.*,

                    *Defendants*.

1:25-cv-01042-MSN-LRV

<u>ORDER</u>

This matter comes before the Court on the Report and Recommendation issued by Magistrate Judge Lindsey Robinson Vaala's ("Report and Recommendation") (ECF 41), regarding Defendants' Motion to Dismiss Amended Complaint (ECF 15), and Plaintiff's Motion for Pendente Lite Equitable Accounting (ECF 19). The Magistrate Judge recommended that the Court grant Defendants' Motion to Dismiss Amended Complaint, deny Plaintiff's Motion for Pendente Lite Equitable Accounting, and dismiss this action with prejudice. The Court has reviewed the Report and Recommendation, the parties' submissions, and the record herein. For the reasons that follow, the Court OVERRULES Plaintiff's objections (ECF 42), and ADOPTS AND APPROVES the Magistrate Judge's Report and Recommendation (ECF 41).

The Magistrate Judge fully and accurately set out the facts and procedural history of this action, and no party has objected to that portion of the Report and Recommendation. Accordingly, the Court incorporates by reference that portion of the Report and Recommendation and lays out here only the facts necessary to address Plaintiff's objections.

Plaintiff's Amended Verified Bill in Equity[1] brought claims against RoundPoint Mortgage Servicing LLC ("RoundPoint"); Mary K. Riskey, RoundPoint's Chief Financial Officer; James Watts, RoundPoint's Controller; and "unknown beneficiaries and assignees" for, among other

---

[1] The Court construes this pleading as an Amended Complaint.

things, securitizing her mortgage without disclosing that fact or seeking her consent. *See generally* ECF 10. The Amended Complaint asserted eight claims against Defendants: constructive fraud and fiduciary breach (Count I); imposition of constructive trust arising from fiduciary concealment and monetization of plaintiff's instrument (Count II); unjust enrichment and equitable restitution (Count III); equitable accounting and quasi-trust remedy (Count IV); disgorgement of ill-gotten gains and fiduciary profit (Count V); equitable estoppel to prevent inconsistent assertions of obligation (Count VI); unclean hands barring equitable enforcement (Count VII); and declaratory injunction against future collection (Count VIII).

The Magistrate Judge recommended dismissing Plaintiff's claims with prejudice. ECF 41. The Report and Recommendation observed that Plaintiff's "core theory of relief rests on the indefensible position that Defendants cannot securitize her financial instrument and must disclose to her if they do so." *Id.* at 20. It concluded that—as Plaintiff conceded in her Opposition to Defendants' Motion to Dismiss—Counts II, IV, V, VI, and VII required dismissal because they asserted remedies and not independent causes of action, and the remainder of Plaintiff's claims failed to state a plausible right to relief. ECF 41 at 12-13. In recommending dismissal of Count I, Plaintiff's claim of constructive fraud, the Magistrate Judge noted that the claim also impermissibly aggregated defendants. Lastly, the Magistrate Judge recommended dismissing Plaintiff's motion for Pendente Lite Equitable Accounting as moot. *Id.* at 20-21.

Plaintiff now objects to the Report and Recommendation and asserts that the Magistrate Judge erred in recommending dismissal of her claims because the Magistrate Judge misunderstood Plaintiff's theory of relief. ECF 42 at 2-4. Plaintiff argues that her Amended Complaint did not assert that Defendants were "categorically forbidden" from securitizing her mortgage, but rather that Defendants are required to give her an accounting to show what value they received through the securitization of her mortgage that should be applied to offset the value of her loan. *Id.* Plaintiff

2

also argues that she properly included each of the Defendants in her Amended Pleading. *Id.* at 4. Plaintiff thus contends that the Court should reject the Report and Recommendation and deny Defendants' Motion to Dismiss. *Id.* at 5.

"When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge 'must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to.'" *Pickett v. Astrue*, 895 F. Supp. 2d 720, 722-23 (E.D. Va. 2012) (quoting Fed. R. Civ. P. 72(b)(3)).

The Court discerns no error in the Report and Recommendation. As the Magistrate Judge observed, Plaintiff asserted in her Opposition to Defendants' Motion to Dismiss that her references to a "constructive trust, accounting, disgorgement, estoppel, and unclean hands [were] remedies/defenses sought as relief," and not independent causes of action. ECF 18 at 11; ECF 41 at 12. Plaintiff also asserted that the central issue in her Amended Pleading was whether Defendants had abused their duties by failing to disclose the securitization. ECF 18 at 11. Plaintiff now attempts to argue the opposite—that she *has* asserted a cause of action for accounting and that *this* is her core theory of relief. ECF 42 at 2-4.

The Court is skeptical that Plaintiff can reverse her previous representations to the Court simply because they did not produce her desired outcome. But, even if the Court considers Plaintiff's argument on its merits, Plaintiff has not stated a cause of action for accounting. Under Virginia Law, a "[a]n accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party." Va Code Ann. § 8.01-31. As the Report and Recommendation explains, Defendants do not have a fiduciary relationship with Plaintiff. ECF 41 at 17. Nor are Plaintiff and Defendants joint tenants, tenants in common, or coparceners. Plaintiff, therefore, has not shown any basis under which she is entitled to an accounting under Virginia law.

*See, e.g.*, *Vaughan v. Wells Fargo Bank, N.A.*, No. 6:15-cv-00038, 2016 WL 2901752, at *5 (W.D. Va. May 18, 2016) (dismissing an analogous accounting claim brought by a mortgage holder against their mortgage servicer).

As for Plaintiff's argument that she properly included each of the named Defendants in her Amended Complaint, the Court construes this argument as an objection to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's constructive fraud claim for impermissibly aggregating defendants. *See* ECF 42 at 4. The Fourth Circuit has made clear that, in pleading a fraud claim, "[t]he burden rests on plaintiffs to enable a particular defendant to determine with what it is charged." *Corder v. Antero Res. Corp.*, 57 F.4th 384, 403 (4th Cir. 2023) (quoting *Juntti v. Prudential-Bache Securities, Inc.*, 993 F.2d 228 (Table), 1993 WL 138523, at *2 (4th Cir. 1993) (per curiam)). A fraud claim is deficient where it "impermissibl[y] aggregat[es] defendants without specifically alleging which defendant was responsible for which act." *Id.* (quoting *Juntti*, 1993 WL 138523, at *2). Plaintiff's Amended Complaint refers generally to "Defendants" and does not independently allege the conduct of each that she claims to be fraudulent. The Magistrate Judge therefore properly recommended dismissal of Plaintiff's constructive fraud claim based on impermissible aggregation.

Accordingly, it is hereby ORDERED that the Report and Recommendation (ECF 41) is APPROVED and ADOPTED in full; it is further

ORDERED that Defendants' Motion to Dismiss (ECF 15) is GRANTED; it is further

ORDERED that Plaintiff's Amended Verified Bill in Equity (ECF 10) is DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's Motion for Accounting (ECF 19) is DENIED as moot.

The Clerk is directed to forward a copy of this Order to counsel of record and to Plaintiff

Ingrid Jiang, *pro se*.

                                                           /s/

                                      Hon. Michael S. Nachmanoff

                                      United States District Judge

March 24, 2026
Alexandria, Virginia